**ESSELBURN & ELLIS v ADAMS**

Ohio Appeals, 9th Dist, Summit Co

No 3203. Decided Dec 13, 1939

Peter K. Dughman, Akron, for appellant.

Jerome Taylor, Akron, for appellee.

## OPINION

PER CURIAM:

The action in the Court of Common Pleas of Summit county was predicated upon a contract alleged to have been entered into between the plaintiff and the defendant therein, where it was contended that the defendant granted to the plaintiff the exclusive right to sell certain real estate owned by the defendant, in consideration of which the plaintiff agreed "to use (their) best efforts to effect a sale" within a stipulated time, and, in the event of a sale within the term so stipulated, either by the plaintiff or by any one else, the plaintiff was to receive from the defendant a certain commission, to be determined from the sale price of the property.

During the term of the alleged contract, the property was sold by the defendant, through the agency of another real estate broker, and a full commission was paid to the said broker. This action was brought by the plaintiff in the Court of Common Pleas for a judgment for the amount of commission claimed to be due under the contract.

A judgment for the defendant was entered upon a verdict of the jury in favor of the defendant. The plaintiff has appealed to this court on questions of law.

The trial court instructed the jury that it was incumbent upon the plaintiff to prove (1) that a contract was entered into between the parties, and (2) that, if they so found that a contract was entered into, the plaintiff performed under it. The court further charged the jury that if they found these issues in favor of the plaintiff, their verdict should be for the plaintiff, unless they should find that the defendant had proven by a preponderance of the evidence that the agent of the plaintiff had the power and authority to and did actually release the defendant from the contract, prior to the sale.

The pleadings presented several issues of fact, all of which were submitted to the jury. And although the evidence was conclusive as to the formation of a contract, the submission of this issue was not error in the absence of a motion to withdraw this issue from the jury and determine it as a matter of law. Such motion was not made in reference to this issue.

The court further submitted to the jury, in a charge free from error, the issue of the release and the agent's authority. And, although we are of the opinion that this was the only controverted issue in the case, nevertheless, as the verdict returned was general for the defendant, the appellee, and no request for a special verdict was made, nor were interrogatories submitted to test the general verdict, it is not disclosed upon which defenses, either the general denial or the affirmative defense of release, the verdict

**534**

was based; and if "any presumption is to be indulged, it would be that the verdict is **not** based upon a defense which was not supported by any evidence whatever." Under these circumstances, therefore, the ▮▮▮▮▮ judgment rendered for the defendant, the appellee, will not be disturbed, because there **was** properly submitted to the jury one determinative issue in the case.

State ex Lattanner, etc. v Hills, 94 Oh St 171.

See Acroy v Bauman, Jr., 134 Oh St 449, for citation to many Ohio cases involving the two-issue rule.

In the absence of a motion for a new trial, this court cannot consider the weight of the evidence as a ground for error. Suffice it to say, however, that the record reveals substantial evidence of a release of the appellee by the agent from the terms of the contract, and sufficient authority on the part of the agent so to do.

The judgment is affirmed.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.